**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTON A. EWING, an individual, | No.    20-55155 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00855-CAB-BGS |
| v. | |
| MARK POLLARD, an individual, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Anton A. Ewing appeals pro se from the district court's summary judgment in his action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  We review de novo.  *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.,* 916 F.3d 769, 773 (9th Cir. 2019).  We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Ewing's TCPA claims because Ewing failed to raise a genuine dispute of material fact as to whether Pollard used an automatic telephone dialing system to call Ewing, whether Pollard called Ewing's residential telephone line, or whether Pollard called Ewing more than once. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting use of an automatic telephone dialing system or an artificial or prerecorded voice to make a call to a cellular phone without prior express consent); *id.* § 227(b)(1)(B) (prohibiting certain calls made to a residential telephone line); *id.* § 227(c) (creating a private right of action for any person who has received more than one call within any 12-month period by or on behalf of the same entity in violation of this subsection); *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (setting forth elements of a TCPA claim, including that defendant must have used "an automatic telephone dialing system").

The district court properly converted Pollard's motion to dismiss into one for summary judgment because Pollard cited materials extrinsic to the first amended complaint and disputed its factual allegations, and the district court properly provided the parties notice and an opportunity to present all material pertinent to the motion. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Singh*

2                                                                                          20-55155

*v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1075-76 (9th Cir. 2019) (no error where district court converted a motion to dismiss into one for summary judgment after furnishing all parties an opportunity to supplement the record).

The district court did not abuse its discretion by denying Ewing's motion to amend his first amended complaint because the record demonstrates evidence of undue delay, bad faith, and a dilatory motive on the part of Ewing, as well as prejudice to Pollard and the futility of amendment. *See Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016 (9th Cir. 1999) (setting forth standard of review and factors to consider in granting or denying leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**